Jon Weiner
Jon@vameswang.com
VAMES / WANG
1415 Commercial St. SE
Salem, OR 97302
Tel: (503) 399-7001
Fax: (503) 573-8373
Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| JON BISHOP, an individual, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | **FMLA Interference and Discrimination/Retaliation (29 USC § 2691 et seq.); OFLA Interference and Discrimination/Retaliation (ORS 659A.183, et seq.); Sick Leave Violation (ORS § 653.641).** |
| PORTLAND STATE UNIVERSITY, a public body, dba UNIVERSITY PLACE HOTEL AND CONFERENCE CENTER, and Antonio Recillas, an individual, | |
| Defendants. | **(Demand for Jury Trial)** |

The allegations set forth herein are intended to apply to "all times relevant" regardless whether stated in the past, present, or future tense. Plaintiff alleges:

## PRELIMINARY STATEMENT

1.

Plaintiff brings this action against Portland State University ("Portland State") and the business it operates as University Place Hotel and Conference Center ("University Place"), asserting claims for medical and sick leave interference, and related discrimination/retaliation, under federal (Family and Medical Leave Act of 1993, 29 USC 2601, et seq.) and state (Oregon Family Leave Act, ORS 659A.150, et seq.; and ORS 653.641) law. Plaintiff also asserts related aiding-and-abetting claims against Antonio Recillas ("Recillas") under state law (ORS 659A.030(l)(g)).

## JURISDICTION

2.

This Court has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Plaintiff's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

## VENUE

3.

VAMES / WANG
600 NW Fariss Road
Gresham, OR  97030

Venue is appropriate in this Court pursuant to 28 USC § 1391 because the events giving rise to this complaint occurred in Multnomah County, Oregon. Defendant Portland State is a public university (a public body) with its principal place of business in Multnomah County, Oregon. The business it operates as University Place also has its principal place of business in Multnomah County, Oregon.

4.

Portland State employed plaintiff at its University Place facility in Multnomah County, Oregon, and conducted regular, substantial and sustained business activity in the State of Oregon, including but not limited to Multnomah County.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES AND COMPLIANCE WITH OREGON TORT CLAIMS ACT

5.

Plaintiff has exhausted all administrative remedies necessary to proceed on his state law claims. Plaintiff timely filed a complaint with the Bureau of Labor and Industries (BOLI). BOLI sent a right to sue letter to plaintiff on January 22, 2021. Plaintiff's federal claims do not require exhaustion of administrative remedies. Plaintiff complied with the notice requirements of the Oregon Tort Claims Act by serving defendants with a Notice of Tort Claim within 180 days of the unlawful conduct at issue.

## FACTUAL ALLEGATIONS

6.

Plaintiff suffers from a chronic back condition that results in occasional periods of incapacitation requiring medical intervention. This condition requires periodic medical treatment. Plaintiff began working at the University Place Hotel and Conference Center

as a sales representative in April 2014. He became Director of Sales in July of 2016 and held that title up until his wrongful termination in June of 2018. Plaintiff's job duties primarily included developing marketing channels, lead sourcing, and selling event space at the University Place Hotel and Conference Center.

7.

In November of 2018, plaintiff needed to take medical leave because of his back-related serious health condition.

8.

Plaintiff informed his immediate supervisor Recillas of his need to take medical leave. Recillas condescendingly responded that if his issues were so bad then plaintiff should leave the premises immediately. Plaintiff said he needed to finish up a meeting that day, but Recillas said he would handle the matter.

9.

Plaintiff ended up taking medical leave from November 2018 to February 2019. When plaintiff returned Recillas markedly escalated his mistreatment of plaintiff, engaging in a patter of behavior designed to isolate, ostracize, marginalize, disempower, humiliate, and undermine plaintiff – all in an attempt to drive plaintiff out of the workplace.

10.

Plaintiff was re-assigned to an isolated back office even though plaintiff previously had a more centrally located office in the marketing department. Plaintiff informed Recillas that plaintiff would need some form of accommodation for his back issues, such as a high top workstation. Recillas provided plaintiff with some discarded

Page **4** of **12** – Complaint

restaurant furniture, including a barstool, but said that if the restaurant needed the furniture back plaintiff would have to return it. Plaintiff complained to Recillas that plaintiff needed a chair with back support, which was eventually provided. Recillas added that the budget did not allow for any further accommodations.

11.

In mid-March 2019, Recillas interrupted a sales meeting plaintiff was leading to state that nothing plaintiff said was relevant. Recillas was so disrespectful and humiliating toward plaintiff that a few coworkers approached him afterwards to say they felt uncomfortable, sorry and embarrassed for him.

12.

Recillas' harassment continued into May 2019, at which point Recillas demanded that plaintiff provide him with a report of his "sales numbers."

13.

In mid-May 2019, plaintiff presented his sales numbers at a meeting attended by Recillas. Plaintiff received encouraging comments from several of the meeting's participants. In contrast, Recillas seemingly became furious and said the numbers were unacceptable. In reality, they objectively were not. Leads were tracking better than ever and an exceptional percentage of them were pending closure. Overall, the numbers were excellent.

14.

Things took a turn for the worse on May 24, 2019, when it became apparent that Recillas was escalating his efforts to terminate or constructively discharge plaintiff. At a one-on-one meeting, Recillas stated that plaintiff's job performance was terrible and that

Page **5** of **12** – Complaint

Recillas did not understand how plaintiff could have remained employed there for so long. Plaintiff asked whether Recillas was trying to get plaintiff to quit or trying to set him up to be fired. Mr. Recillas looked away and did not respond.

15.

Plaintiff informed Recillas that he was going to report Recillas' pattern of post-discrimnatory/retaliatory conduct. Recillas said something to the effect of, "no, I'll take care of it." Plaintiff interpreted Recillas' comment as a clear attempt to dissuade and discourage plaintiff from engaging in protected activity. Ultimately, plaint insisted that he would follow through with his protected activity regardless.

16.

Plaintiff followed through as promised and contacted Portland State's human resources department. A meeting was scheduled for June 11, 2019 with University Treasurer Don Forsythe. On May 27, 2019, petitioner, human resources employee Ramon Diez, and Recillas participated in a meeting. Mr. Diez asked whether plaintiff's serious medical condition had been accommodated, at which time he was informed that the only accommodation provided thus far was a barstool.

17.

On June 5, 2019, plaintiff experienced a major back flare-up and had to call in sick.

18.

On June 6, 2019, the back issue continued and plaintiff again called in sick. Plaintiff was seen at urgent care where a doctor advised plaintiff to take a few days off work.

19.

Page **6** of **12** – Complaint

On June 7, 2019, plaintiff again sought healthcare treatment.

20.

On June 10, 2019, plaintiff returned to work and was given a termination notice by Recillas. Financially, the timing was particularly bad because several sales creditable to plaintiff had been secured but were pending execution/payment. Plaintiff was not compensated for those sales.

21.

Plaintiff's termination caused him economic loss, including but not limited to, lost income (including but not necessarily limited to loss of the following: commissions; wages; the opportunity to monetize his growing knowledge and experience, favorable resume, career path, and market position in the relevant job market). Plaintiff also experienced stress and distress relating to the loss of his job, interruption in his career path, disruption of his life and stream of income, and economic insecurity.

## FIRST CLAIM – FAMILY MEDICAL LEAVE ACT VIOLATIONS

**(FMLA violations, 29 U.S.C. § 2601 et seq.)**

**(Count 1- FMLA Interference)**

22.

Plaintiff incorporates paragraphs 1 through 21 by reference herein. Under the Family Medical Leave Act, 29 USC § 2612, an eligible employee may take leave time to receive continuing treatment for a "serious health condition." Under 29 USC § 2615, a qualifying employer, may not "interfere with, restrain, deny," or discriminate against an employee for exercising, filing for, attempting to file for, or inquiring about lawful medical leave.

23.

VAMES / WANG
600 NW Fariss Road
Gresham, OR  97030

Portland State violated this statute when it discouraged plaintiff from taking leave and otherwise inquiring about his rights, and then discharged him, thus restraining and interfering with plaintiff's FMLA-protected rights.

24.

As a result of Portland State's interference, plaintiff has suffered economic and non-economic damages as described in paragraph 21 above, in an amount to be determined at the time of trial. Plaintiff seeks equitable relief, recovery of all allowable damages, fees, and costs available under 29 USC § 2617 (including lost back pay, lost front pay, liquidated damages, and reasonable attorney fees and costs).

**(Count 2 – FMLA Discrimination/Retaliation)**

25.

Plaintiff incorporates and re-alleges paragraphs 1 through 24 by this reference. Under 29 USC § 2615(2), a qualifying employer must not retaliate or discriminate against an employee for exercising, filing for, attempting to file for, or inquiring about lawful medical leave.

26.

Portland State violated 29 USC § 2615 when it terminated plaintiff due to his actual and/or impending use of lawful medical leave to engage in treatment for, and recovery from, a "serious health condition," as well as his protected activity, under the FMLA.

27.

As a result of Portland State's interference, plaintiff has suffered economic and non-economic damages as described in paragraph 21 above, in an amount to be determined at the time of trial. Plaintiff seeks equitable relief, recovery of all damages, fees, and costs available under 29

USC § 2617 (including lost back pay, lost front pay, liquidated damages, and reasonable attorney fees and costs).

## SECOND CLAIM – OREGON FAMILY LEAVE ACT VIOLATIONS

### (OFLA violations, 659A.150 et seq.)

### (Count 1- OFLA Interference)

28.

Plaintiff incorporates paragraphs 1 through 27 by reference hereto. Under the Oregon Family Leave Act (OFLA), Or. Rev. Stat. § 659A.159(1)(c), an eligible employee may take leave time to receive continuing treatment for a "serious health condition." Under ORS § 659.183, a qualifying employer may not deny, retaliate or discriminate an employee for exercising, filing for, attempting to file for, or inquiring about, lawful medical leave.

29

Defendants violated this statute when they discouraged plaintiff from taking leave and otherwise inquiring about his rights, and then discharged him, clearly restraining plaintiff's OFLA-protected rights.

30.

As a result of defendants' interference, plaintiff has suffered economic and non-economic damages as described in paragraph 21 above, in an amount to be determined at the time of trial. Plaintiff seeks equitable relief and recovery of all compensatory and punitive damages provided by law, in addition to reasonable attorney fees and costs pursuant to ORS § 659A.885.

### (Count 2 – OFLA Discrimination/Retaliation)

31.

Plaintiff incorporates and re-alleges paragraphs 1 through 30 by this reference. Alternatively, under ORS § 659A.183(2), makes it unlawful for a qualifying employer to "retaliate or in any way discriminate against an employee" for submitting a request for OFLA leave.

32.

Defendants violated ORS § 659A.183(2) when they terminated plaintiff due to his actual and/or impending use of protected leave, as well as his protected activity, under OFLA.

33.

As a result of defendants' discrimination, plaintiff has suffered economic and non-economic damages as described in paragraph 21 above, in an amount to be determined at the time of trial. Plaintiff seeks equitable relief and recovery of all compensatory and punitive damages provided by law, in addition to reasonable attorney fees and costs pursuant to ORS § 659A.885.

## **THIRD CLAIM – OREGON SICK LEAVE RETALIATION VIOLATION**
## **(ORS 653.641, 601 et seq.)**

34.

Plaintiff incorporates paragraphs 1 through 33 by reference hereto. Under Or. Rev. Stat. § 653.616, an eligible employee can use sick time for "injury or health condition, need for medical diagnosis, care or treatment of a mental or physical illness, injury or health condition." Under ORS § 653.641(2), a qualifying employer may not retaliate or discriminate against an employee for exercising, filing for, attempting to file for, or inquiring about, lawful sick leave.

35.

Defendants violated ORS § 653.641(2) by terminating plaintiff due to his impending and/or actual use of sick leave to address his chronic back problem, which qualifies as a health condition under ORS § 653.616, as well as his protected activity.

36.

As a result of Defendants' discrimination, plaintiff has suffered economic and non-economic damages as described in paragraph 21 above, in an amount to be determined at the time of trial. Plaintiff seeks equitable relief and recovery of all compensatory and punitive damages provided by law, in addition to reasonable attorney fees and costs pursuant to ORS § 659A.885.

WHEREFORE, Plaintiff demands the following for his claims for relief which is more specifically set forth under the various claims:

1. First Claim for Relief (FMLA interference, and discrimination/retaliation)

    A. Count 1 – Unpaid wages and/or benefits, and actual monetary loss due to defendant's violations, all in an amount to be determined at trial, in addition to his reasonable attorney fees and costs, pursuant to 29 USC § 2617.

    B. Count 2 – Unpaid wages and/or benefits, and actual monetary loss due to defendant's violations, all in an amount to be determined at trial, in addition to his reasonable attorney fees and costs, pursuant to 29 USC § 2617.

2. Second Claim for Relief (OFLA interference and discrimination/retaliation)

    A. Count 1 - Equitable relief and economic damages, including backpay, benefits, and front pay, in an amount to be determined at trial, along with compensatory and punitive damages in an amount to be determined at trial, in addition to his

Page **11** of **12** – Complaint
                    VAMES / WANG
                    600 NW Fariss Road
                    Gresham, OR  97030

    reasonable attorney fees and costs pursuant to ORS 659A.885.

    B. Count 2 - Equitable relief and economic damages, including back pay, benefits, and front pay, in an amount to be determined at trial, along with compensatory and punitive damages in an amount to be determined at trial, in addition to her reasonable attorney fees and costs pursuant to ORS 659A.885.

3. Third Claim for Relief (Oregon Sick Leave Violation)

    A. Count 1 - Equitable relief and economic damages, including back pay, benefits, and front pay, in an amount to be determined at trial, along with compensatory and punitive damages in an amount to be determined at trial, in addition to her reasonable attorney fees and costs pursuant to ORS 659A.885.

DATED this 21st Day of April, 2021

        */s/ Jon Weiner*
        Jon Weiner, OSB # 993944
        VAMES / WANG
        600 NW Fariss Road
        Gresham, OR 97030
        Tel: (503) 399-7001
        Fax: (503) 573-8373
        Of Attorneys for Plaintiffs